NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-1154
_____

AMY KRIEBEL,
                                        Appellant

v.

ATTORNEY GENERAL OF THE UNITED STATES,
United States Department of Justice,
Federal Bureau of Prisons,
USP Allenwood, Pennsylvania

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
D.C. Civil Action No. 4:07-cv-00012
(Honorable Malcolm Muir)

_____

Submitted Under Third Circuit L.A.R. 34.1(a),
March 26, 2010

Before: RENDELL and FUENTES, Circuit Judges, and KUGLER,[*] District Judge.

(Opinion Filed: April 6, 2010)

_____

OPINION OF THE COURT

_____

FUENTES, Circuit Judge:

_____

[*] The Honorable Robert B. Kugler, United States District Judge for the District of New Jersey, sitting by designation.

This is an employment discrimination case brought by a Bureau of Prisons ("BOP") employee against her employer, Attorney General Eric H. Holder, Jr. (the "Attorney General"). Appellant Amy Kriebel asserts claims pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., and the Rehabilitation Act, 29 U.S.C. § 701 et seq., alleging that she was discriminated against on the basis of (1) sex and (2) her association with her disabled child. The District Court granted the Attorney General's motion for summary judgment, finding that Kriebel failed to show that the explanation for the Attorney General's employment decisions was a pretext for unlawful discrimination. We will affirm.

## I.

We write primarily for the parties, and so we set forth only the facts and history that are relevant to our conclusion. Kriebel is an employee of the United States Penitentiary in Allenwood, Pennsylvania ("USP Allenwood"). Her husband works the night shift at USP Allenwood. The Kriebels have a severely disabled son. After having worked in multiple positions at the prison, Kriebel became an SIS Tech (in the Special Investigative Supervisor's office) in 2003. However, due to budget cuts, the SIS office was downsized in 2004, and Kriebel's position was cut; she was transferred back to her prior position of Education Tech but allowed to keep her GS-8 salary grade. After this transfer, her supervisor in the SIS office, Special Investigations Agent Matthews ("SIA Matthews"), gave her an above-average evaluation; Matthews highlighted, among other

things, Kriebel's utility in the field of intelligence gathering and investigation.

In October 2005, the DOJ human resources office issued a memorandum to all prison wardens notifying them of an increase in SIS staff effective December 25, 2005. The memorandum stated that for prisons that had had one SIS Tech displaced by reassignment, such as USP Allenwood, "the [reassigned] employee should be returned to the position." (App. 237a.) Kriebel was not, at first, notified of this memorandum. Nelson Alleman, an Allenwood human resources employee, informed Matthews that the warden would be speaking to Kriebel about her interest in returning to her old SIS position. Matthews, in turn, informed Alleman that he did not want just "another Tech," but instead wanted someone who could do investigative work, which he felt Kriebel was unable to do. (Id. at 242a.) Matthews also said that he had intended to post the position as an "evening watch" position (i.e., evening shift), which Kriebel had refused to work (due to the need to care for her disabled son); Matthews wanted to use the new position "to monitor gang and other illicit activity occurring during the evening and on the weekends." (Id. at 160a.)

Kriebel learned of the new SIS position and the October 2005 memo, and on December 19, 2005, she informed the warden that she would accept the SIS position. She reiterated this point in an email to Alleman, but she clarified that she would only accept the position if she could keep her 8:00 a.m. - 4:00 p.m. shift. On January 6, 2006, the warden formally offered Kriebel the SIS position but stated that the job required

"irregular" work hours that "include evenings and/or weekends." (Id. at 246a.) By this time, Kriebel had commenced EEO proceedings which had led to an unsuccessful mediation; the SIS position was kept open during this time. In November 2006, Kriebel informed the warden by letter that she could not work the evening and weekend hours he had identified (Tuesday-Thursday evenings, Friday day shift, and Saturday evening), and declined the position. The position was offered to Larry Hicks, a male parent of a non-disabled child. Hicks's time/attendance records show that, since accepting the SIS Tech position, he has worked some evenings (approximately 13% of shifts) and worked at least one weekend day about half of the weeks.

Kriebel sued, asserting claims pursuant to Title VII (sex and sex-plus discrimination) and the Rehabilitation Act (discrimination on account of Kriebel's association with a disabled person, see Doe v. County of Centre, PA, 242 F.3d 437, 446-47 (3d Cir. 2001)). The District Court granted the Attorney General's motion for summary judgment, and Kriebel timely appealed.

**II.**

The District Court had jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343, and 1367. We have jurisdiction pursuant to 28 U.S.C. § 1291. "We review a grant of summary judgment de novo, and thus apply the same standard as that used by the District Court." American Eagle Outfitters v. Lyle & Scott Ltd., 584 F.3d 575, 580-81 (3d Cir. 2009). Summary judgment is appropriate only where there are no genuine issues of

material fact and where the movant shows that it is entitled to judgment as a matter of law.  See Fed. R. Civ. P. 56(c).

Kriebel's employment discrimination claims are analyzed under the familiar burden-shifting framework set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 793-94 (1973), and its progeny.  See Wishkin v. Potter, 476 F.3d 180, 185 (3d Cir. 2007).  Under that framework, in order to prove that the Attorney General's employment decisions were the product of discrimination, Kriebel would first have to establish a prima facie case by the preponderance of the evidence.  See, e.g., Makky v. Chertoff, 541 F.3d 205, 214 (3d Cir. 2008).  "If a plaintiff establishes a prima facie case of discrimination, then an inference of discriminatory motive arises and the burden shifts to the defendant to articulate a legitimate, non-discriminatory reason for the adverse employment action."  Id. (citation omitted).  Finally, if the Attorney General offers such a non-discriminatory explanation for the conduct in question, the burden would shift back to Kriebel to prove that the explanation is a pretext for discrimination.  See id.

The only issue presented on appeal is whether the District Court correctly concluded, at the third stage of this analysis, that Kriebel failed to prove that the Attorney General's explanation for the employment decision was a pretext for unlawful discrimination.  In order to prevail, Kriebel was required to show "such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in [each of] the employer's proffered legitimate reasons for its action that a reasonable factfinder could

rationally find them unworthy of credence, and hence infer that the employer did not act for the asserted non-discriminatory reasons." Fuentes v. Perskie, 32 F.3d 759, 765 (3d Cir. 1994).

We agree with the District Court that Kriebel has not demonstrated that each of the Attorney General's explanations for the employment actions at issue herein is a pretext for unlawful discrimination. The Attorney General sought to justify the employment decision on two grounds: first, Matthews wanted someone with intelligence and investigative experience to fill the SIS Tech position, and, second, he wanted someone who could work evenings and weekends to monitor gang activity during that time. We concur with Kriebel that the first of these justifications is unavailing—Kriebel received a positive evaluation from Matthews with respect to her intelligence and investigative skills, which, in the absence of a more persuasive non-discriminatory explanation for the employment decision, might be sufficient to raise a jury question.

However, "to avoid summary judgment, [Kriebel's] evidence rebutting the [Attorney General's] proffered legitimate reasons must allow a factfinder reasonably to infer that each of the employer's proffered non-discriminatory reasons was either a post hoc fabrication or otherwise did not actually motivate the employment action." Id. at 764 (internal citation omitted, emphasis in original). We conclude that Kriebel's evidence is insufficient to undermine the Attorney General's second non-discriminatory basis for the employment action—i.e., the need for an SIS Tech who could work weekend and evening

-6-

hours.  Kriebel points to the fact that the October 2005 memorandum was not disclosed to her as evidence of an impermissible motive, but the failure to inform Kriebel of the memorandum does not render implausible the Attorney General's stated need concerning the hours of the SIS Tech, which Kriebel made clear she would not work.  And while Kriebel makes much of the fact that Hicks, to whom the SIS Tech position was ultimately offered, did not work all weekends and all evenings, his shifts certainly <u>included</u> many weekends and evenings, which is consistent with the warden's description of the position in his January 6, 2006 memorandum to Kriebel.  Kriebel's own statements to Alleman make clear that such hours were out of the question for her.

In sum, we conclude that Kriebel failed to adduce sufficient evidence to undermine "<u>each</u> of the employer's proffered non-discriminatory reasons" for its employment action, and we will therefore affirm the judgment of the District Court.  <u>Id.</u> (emphasis in original).

## III.

For the foregoing reasons, we will affirm the judgment of the District Court.